960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Susan J. MERRITT, Plaintiff, Appellant,
v.
John AYLMER, Etc., Defendant, Appellee.
 91-1805.
 United States Court of Appeals, First Circuit.
 Feb. 11, 1992
 
 Susan J. Merritt on brief pro se.
 Alice E. Moore and Mahoney, Hawkes & Goldings, on Motion for Summary Affirmance for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Susan J. Merritt, appeals from the judgment of the United States District Court for the District of Massachusetts dismissing her action for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6).
 
 I.
 
 2
 In reviewing judgments dismissing claims under Rule 12(b)(6), we must treat "all well-pled factual averments as true, and draw all reasonable inferences therefrom in appellant['s] favor." The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). We may not uphold such a dismissal "unless it appears beyond doubt that [appellant] can prove no set of facts in support of [her] claim which would entitle [her] to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).
 
 
 3
 We have emphasized, however, that although the threshold for stating a claim is low, it is not nonexistent. Thus, we need not credit "[g]auzy generalities, unsupported conclusions, subjective characterizations, and problematic suppositions.... " Dartmouth Review, 889 F.2d at 16; Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). As we have stated:
 
 
 4
 We require more than conclusions or subjective characterizations. We have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts, nor merely to allege without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice....
 
 
 5
 Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) (citations omitted), cert. denied, 461 U.S. 944 (1983).
 
 
 6
 An additional consideration involved in the context of alleged civil rights violations is the need to balance the liberal construction given the Federal Rules of Civil Procedure against the potential abuses and needless harassment of defendants. See id. Thus, we require a civil rights plaintiff to allege particular facts sufficient to outline specific instances of unlawful discrimination. Dartmouth Review, 889 F.2d at 16. Such minimal facts include an indication of "who did what to whom and why." Dewey, 694 F.2d at 3. "[A] plaintiff may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." Correa-Martinez, 903 F.2d at 53.
 
 II.
 
 7
 With these guidelines in mind, we now turn to appellant's complaint. The first paragraph lists appellant as plaintiff and the second paragraph names John F. Aylmer, president of the Massachusetts Maritime Academy, as defendant. In the third paragraph, which is jurisdictional, appellant alleges that she contracted cancer while working at the Academy and subsequently was terminated for "reasons other than cause." She goes on to state that she is appealing the dismissals of complaints she previously had filed with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission (EEOC). Complaint, p 4. She claims that these agencies suggested that she had been fired "for cause"-that is, incompetence. According to appellant, the above findings were in contradiction to a letter of termination which allegedly stated that appellant had been fired for reasons other than cause. Id. p 5. She concludes with the statement that she was employed by the Academy from September 9, 1979 through June 5, 1983. As relief, she requests "a selected disability retirement from the Commonwealth of Massachusetts, with no restriction on wages accrued through subsequent earning power, as well as remuneration for medical expenses incurred by the plaintiff since leaving the employ of MMA."
 
 
 8
 Attached to the complaint, and therefore properly before the district court on a Rule 12(b)(6) motion, see O'Brien v. DiGrazia, 544 F.2d 543, 545 n.1 (1st Cir. 1976), cert. denied, 431 U.S. 914 (1977), are the following documents: (1) the EEOC's decision; (2) four letters concerning appellant's health and life insurance status; (3) three letters regarding reimbursement by the Academy for certain unspecified job-related expenses; (4) two letters concerning service of process; (5) one letter from a law office stating that it no longer handles wrongful termination cases; (6) a letter to then Senator Paul Tsongas informing him of her cancer diagnosis and subsequent employment termination; and (7) a similar letter to the Chancellor of the Board of Regents of Higher Education. Significantly, the letter of termination referred to in the complaint is not included among these attachments.[1]
 
 
 9
 The last letter contains factual allegations in addition to those contained in the complaint. Specifically, appellant avers that she was hired by Aylmer's predecessor who believed that appellant was "ideal" for the job. The letter continues:
 
 
 10
 I find it interesting that, while employed by the Academy, I was (a) the first woman in MMA history to manage an all-male unit of cadets and (b) the only professional woman on staff with any prior military/maritime experience to bring to the job. During my employment at MMA, I was one of six (6) professional women on staff, one of three (3) administrators (the remaining three being faculty), as well as the only administrator with a college education-on the staff of an institution of higher learning.
 
 
 11
 In his motion to dismiss the complaint, Aylmer contended that it failed to contain sufficiently specific factual allegations connecting him to violations of appellant's legal rights, including any acts having to do with sexual discrimination. As for appellant's claim to disability retirement benefits, Aylmer maintained that these claims arose under state, not federal, law.
 
 
 12
 In her opposition to the motion to dismiss, appellant argued that as president of the Academy, Aylmer was responsible for the policies of the Academy. Specifically, as president, he was responsible for the discriminatory nature of the decision to terminate her employment. She went on to assert that discrimination was the "main issue" in the case and that "[d]iscrimination, whatever the category (sex, personality, health status) was the reason for [the] dismissal" by Aylmer. She concluded that because she was terminated, rather than laid off, she has been precluded from filing for disability retirement.
 
 
 13
 In dismissing the complaint, the district court determined that appellant failed to allege the required elements of a federal sex discrimination action. In particular, the court decided that appellant's reference, quoted above, concerning discrimination on the basis of sex, personality or health was too speculative and not supported by particular factual assertions. As a result, the complaint failed to state "a cognizable federal cause of action."
 
 III.
 
 14
 To the extent that the terms of the complaint itself truly reflect the nature of appellant's action, it appears that she is making a state law claim-an entitlement to disability retirement from the Commonwealth of Massachusetts. Such a claim cannot form the basis of a federal court suit. For the purposes of reviewing a Rule 12(b)(6) dismissal, however, we will address the complaint as if it also raised a Title VII sex discrimination claim.
 
 
 15
 "The central focus of a court confronted with a Title VII sex discrimination case is whether the employer is treating 'some people less favorably than others because of their ... sex.' " Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 69 (1st Cir.) (quoting Teamsters v. United States, 431 U.S. 324, 335, n.15 (1977)), cert. denied, 469 U.S. 1018 (1984). In such a disparate treatment case, "[p]roof of discriminatory motive is critical." Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). To meet such proof, the burden initially is on appellant to demonstrate a prima facie case of sexual discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 16
 In the context of a firing, the elements of the prima facie case (assuming, of course, that appellant is within the protected class) include a showing that appellant was "qualified"-that is, "that [she] was doing [her] job well enough to rule out the possibility that [she] was fired for inadequate job performance, absolute or relative." See Loeb v. Textron, Inc., 600 F.2d 1003, 1013 (1st Cir. 1979). Appellant also is required to establish that the Academy sought a replacement with similar qualifications, thereby showing an ongoing need for the same skills and services. See id. That is, appellant must allege that she was performing her job in a way that met the legitimate expectations of the Academy, that the Academy nevertheless terminated her and that it proceeded to search for someone to perform the same work after appellant left. See id. at 1014.
 
 
 17
 Here, appellant's complaint is plainly deficient. First, it does not contain any facts concerning the specific nature of the job appellant was performing when terminated and how well she was performing it. Second, appellant nowhere avers that the Academy hired, or even searched for, someone to replace her. Thus, there are no facts to support a finding that there was an ongoing need for someone with appellant's skills. Given the omission of these portions of the prima facie case, there is nothing on which to support an inference that the Academy's decision to fire her was based on sexual discrimination. See Johnson v. General Electric, 840 F.2d 132, 138 (1st Cir. 1988) (Rule 12(b)(6) dismissal affirmed where African-American plaintiff failed to allege that review process under which he was not promoted was waived for white employees with similar qualifications or that white employees were promoted without the qualifications for which such process was established). Even assuming that appellant was fired for "reasons other than cause," we cannot accept an inference that these other reasons had to do with appellant's sex. See Dartmouth Review, 889 F.2d at 16 (court need not credit conclusions unsupported by verifiable facts).
 
 
 18
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The letter is included in appellant's appendix to her brief on appeal. However, Fed. R. App. P. 10(a) limits the record on appeal to the "original papers and exhibits filed in the district court.... " Even assuming the letter had been properly filed with the court below and is before us for consideration, it would not affect the outcome of our decision